IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clemente Arias-Luna,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-20-00538-PHX-DLR (ESW)<br><br>**ORDER** |

　　　　Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 17) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of the R&R to file specific written objections with the Court. (Doc. 17 at 13.) Petitioner filed his Objections to Magistrate Judges Report and Recommendation on November 13, 2020, (Doc. 18), and Respondents filed their Response (Doc. 21) on December 4, 2020. The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

　　　　Petitioner was found guilty by a jury of one count of sexual conduct with a minor, a class 2 felony and dangerous crime against children; one count of molestation of a child, a class 2 felony and dangerous crime against children; and false reporting to a law enforcement agency, a class 1 misdemeanor. On February 28, 2017, Petitioner was sentenced to a total of 37 years in prison. On January 9, 2018, the Arizona Court of Appeals

affirmed the convictions but modified the credit for the time he had served. Petitioner did not petition the Supreme Court for review.

On November 13, 2017, Petitioner filed a Notice of Post-Conviction Relief ("PCR") with the trial court.  Appointed counsel reported that he could not find a colorable claim and Petitioner then filed a timely pro se PCR Petition. The trial court denied relief and the Arizona Court of Appeals affirmed.  Petitioner filed a second PCR, which was dismissed by the trial court.  The Arizona Court of Appels granted review but denied Petitioner's request for relief on December 5, 2019.

Petitioner's timely habeas petition presents seven grounds for relief.[1]  The R&R recommended that Grounds One, Two, Three, and Seven[2] be dismissed because the PCR court dismissed those grounds as precluded by Ariz. R. Crim. P. 32.2(a)(3)[3]—an adequate and independent state rule—underscoring that those grounds are procedurally defaulted. *Stewart v. Smith*, 536 U.S. 856, 860 (2002).  The R&R also concluded that Petitioner had failed to establish that his procedural defaults should be excused "due to an external objective factor that cannot be fairly attributed to him," *Smith v. Baldwin*, 510 F. 3d 1127, 1146 (9th Cir. 2007) (internal quotations and citations omitted), and that he had not satisfied the *Martinez* "cause and prejudice exception" for Ground Three's ineffective assistance of counsel claim.[4]  *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012).  The R&R then recommended dismissal of Grounds Four, Five and Six because they fail to allege a cognizable violation of federal law and, alternatively, because Petitioner failed to

---

[1] Petitioner's objection contains several arguments pertaining to the merits of his claims.  However, because all seven grounds set forth in the habeas petition are dismissed on procedural grounds or are not cognizable, the Court does not reach the merits.

[2] The R&R also found that the freestanding actual innocence claim in Ground Seven was without merit because, even assuming an actual innocence claim is cognizable under *Herrera v. Collins,* 506 U.S. 390, 400 (1993), Petitioner did not meet the "extraordinarily high" threshold of "affirmatively prov[ing] actual innocence." (Doc. 17 at 5 (quoting *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (en banc)).)

[3] Ariz. R. Crim. P. 32.2(a)(3) precludes claims in PCR actions that could have been raised on direct appeal.

[4] The R&R also concluded that Ground Three is speculative and without factual support.

exhaust his state remedies on Grounds Four and Six.[5] Turning to Petitioner's objections to the R&R, the Court finds them unavailing for the following reasons.

To begin, because Grounds Four, Five, and Six do not allege a cognizable violation of federal law, the Court focuses on Petitioner's objections to the R&R's recommendations on Grounds One, Two, Three and Seven.  Petitioner first challenges the R&R's finding that these grounds are procedurally defaulted.  Here, the state PCR court ruled that because they could have been raised on direct appeal, Grounds One, Two, Three and Seven were precluded by Ariz. R. Crim. P. 32.2(a)(3).  However, relying on recent changes to the Arizona Rules of Criminal procedure effective for PCR actions filed or pending as of January 1, 2020, Petitioner argues that his procedural bar has been removed.  Petitioner's contention is without merit.  First, the new rule is not applicable to Petitioner's state PCR claims.  His PCR action ended on December 5, 2009, more than ten years before the effective date of the new rules.  Second, even if applicable, the new rule, which does not disrupt the longstanding rule that claims that should have been raised on direct appeal cannot be raised for the first time in a PCR, would not save Petitioner's claims.  *See State v. Jackson*, No. 2 CA-CR 2020-0061-PR, 2020 WL 3412125, at *2 (Ariz. Ct. App. June 22, 2020).

In the same vein, Petitioner challenges the R&R's finding that the procedural defaults cannot be cured.  Citing Ariz. R. Crim. P. 32.1(e), which allows PCR relief when confronted with newly discovered material facts that probably would have changed the judgment or sentence, Petitioner argues that he should be allowed to cure the default because a newly discovered material fact exists in the form of the legislative history surrounding the passage of an amendment to A.R.S. § 13-407(E).  While legislative history is useful for understanding and interpreting legislation, it is not a "newly discovered fact" as contemplated by the rule.  Further, there is no basis to argue that legislative history, developed nearly ten years after his conviction, can constitute evidence of innocence.

---

[5] Ground Four was not presented to the PCR court as a question of federal law and Ground Six was not presented at all.

In sum, the R&R correctly found that Grounds One, Two, Three, and Seven[6] are procedurally defaulted because Petitioner failed to exhaust available state judicial remedies before seeking habeas relief in federal court. The R&R also correctly found that Grounds Four, Five, and Six do not present cognizable claims.

**IT IS ORDERED** Petitioner's Objections to the R&R (Doc. 18) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Doc.17) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified, for reasonable jurists would not find the ruling debatable and Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 8th day of January, 2021.

Douglas L. Rayes
United States District Judge

---

[6] Alternatively, the R&R also correctly determined that Ground Seven's freestanding actual innocence claim lacks merit.