# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clemente Arias-Luna, | No. CV-20-00538-PHX-DLR (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

**I. Background**

Petitioner was found guilty by a jury in Arizona state court of one count of sexual conduct with a minor, a class 2 felony and dangerous crime against children; one count of molestation of a child, a class 2 felony and dangerous crime against children; and false reporting to a law enforcement agency, a class 1 misdemeanor. He was sentenced to a total of 37 years in prison.

He initiated post-conviction proceedings in state court and later filed a habeas petition with this Court. (Doc. 1.) Magistrate Judge Eileen S. Willet recommended that the Petition be dismissed with prejudice, finding that Grounds One, Two, Three, and Seven were precluded by Ariz. R. Crim. P. 32.2(a)(3) and Grounds Four, Five and Six were dismissed because they failed to allege a cognizable violation of federal law and, alternatively, because Petitioner failed to exhaust his state remedies on Grounds Four and Six. (Doc. 17.) Petitioner objected. (Doc. 18.) This Court accepted the recommendation and overruled Petitioner's objections. (Doc. 26.)

**II. Pending Report and Recommendation**

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 37) regarding Petitioner's May 6, 2021 Motion (Doc. 32) in which Petitioner requests the appointment of counsel or in the alternative, an order requiring the Arizona Department of Corrections ("ADC") to grant Petitioner additional access to legal resources. Petitioner has also requested an additional thirty-day extension to file a notice of appeal on any such motions. The R&R recommends denying Petitioner's requests for the appointment of counsel and injunctive relief and granting Petitioner's request for an extension of time.

Petitioner objected (Doc. 38), Respondents responded (Doc. 39), and Petitioner filed a reply (Doc. 40). Non-Party Arizona Department of Corrections Rehabilitation and Reentry's ("ADCRR") filed a Motion to Strike Petitioner's Reply on July 27, 2021 (Doc. 42), and Petitioner filed a Motion for Court Order to Allow a Reply to be Accepted on August 8, 2021 (Doc. 43). The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**A. Appointment of Counsel**

The R&R correctly explained:

> "Indigent state prisoners applying for habeas corpus relief are not entitled appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). (Doc. 37 at 2.)

The R&R found that Petitioner had not shown that the interests of justice require the appointment of counsel in this case, which had been dismissed in January 2021, almost nine months ago. The Court agrees. Petitioner filed and litigated his Petition for Habeas

Corpus, and when the Magistrate Judge issued an R&R recommending that it be dismissed, he filed a timely objection. He has not pointed to any actionable claim he desired to bring that has been lost or rejected or that the presentation of such a claim is currently being prevented because the capability to file such a suit has not been provided. His habeas was dismissed because some claims were precluded, and some failed to allege a cognizable violation of federal law and, alternatively, because Petitioner on some, failed to exhaust his state remedies.

### B. Right to access to court.

Petitioner argues in his objection that he is "an untrained layperson" and with counsel he could "file a meritorious petition." (Doc. 38 at 4.) He concedes that he is in a position no different than many pro se prison litigants but argues that the resources available to him in prison make his efforts at self-representation futile. (*Id.* at 5.) He points out that he is a "non-English speaker," the library has no Spanish material and offers no interpreters trained to assist with legal work, that the paralegal is never in the library, and the librarian is often absent. (*Id.*)

Incarcerated people are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith,* 430 U.S. 817m, 825 (1977). This does not require, however, "that the State . . . enable the prisoner to *discover* grievances, and to *litigate effectively* once in court . . . To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] … the Constitution requires." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (emphasis in original). The Constitution requires only that prisoners be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance. *Lewis* at 360.

An inmate alleging a violation under *Bounds* "must show actual injury" arising from the alleged inadequacies in the law library, legal assistance or access provided by officials. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008). "[A]ctual injury" means "actual

prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996); *accord Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996). To satisfy the injury requirement the inmate must show that he as been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions . . . [I]t is that capability, rather than the capability of [perusing documents associated with his convictions], that is the touchstone." *Lewis* at 356-357. Generalized allegations will not suffice; specificity is required. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

The Court finds that the R&R correctly found that:

1. "To the extent that Petitioner is raising an access-to-courts claim based on a lack of affirmative assistance, the claim fails as this case is well beyond the pleading stage." (Doc. 37 at 4.)

2. "To the extent that Petitioner is raising an access-to-courts claim based on active interference, Petitioner has failed to demonstrate that he has suffered or will likely suffer actual injury as a result of the library policies of which he asserts ore deficient." (*Id.*)

**IT IS ORDERED** that ADCRR's Motion to Strike Petitioner's Reply (Doc. 42) is **DENIED** and Petitioner Motion for Court Order to Allow a Reply to be Accepted is **GRANTED**. (Doc. 43.)

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R (Doc. 38) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Doc.37) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a thirty-day extension of time to file a notice of appeal, or any motions is **GRANTED**.

Dated this 6th day of October, 2021.

_____
Douglas L. Rayes
United States District Judge