1
2
3
4
5
6               IN THE UNITED STATES DISTRICT COURT
7                   FOR THE DISTRICT OF ARIZONA
8
9    Clemente Arias-Luna,                      No. CV-20-00538-PHX-DLR (ESW)
10                    Petitioner,              **ORDER**
11   v.
12   David Shinn, et al.,
13                    Respondents.
14

15        Pending before the Court is the Report and Recommendation ("R&R") of
16   Magistrate Judge Eileen S. Willett (Doc. 48) regarding Petitioner's August 6, 2021
17   "Motion for Injunctive Relief" (Doc. 44).  Also pending before the Court, and filed after
18   the R&R was submitted, are a Motion for Leave to File Brief of Amicus Curiae (Doc. 53)
19   and Petitioner's Motion for Jury Trial (Doc. 51).  The R&R recommends that the Court
20   deny Petitioner's motion.  The Court has considered Petitioner's objections to the R&R
21   (Doc. 49) and reviewed the R&R de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

22        The R&R summarized Petitioner's "Motion for Injunctive Relief":

23            Petitioner states that he brings his Motion for Injunctive Relief
              "due to [ADCRR's] interfering, intimidating, and retaliating
24            my prison jailhouse lawyer for assisting me in ascerting [sic]
              my first (1st) Amendment right to appeal as granted . . . ." (Doc.
25            44 at 1).  The Motion details a number of retaliatory actions
              allegedly taken against Petitioner's jailhouse lawyer, such as
26            firing him from his assigned work, denying him a work
              assignment, denying him a lower bunk, removing his chair, and
27            being told by the Librarian's Office that he cannot assist
              Petitioner while at the library.  (*Id.* at 2-3).  Petitioner requests
28            that the Court order ADCRR to (i) "cease and desist any and
              all retaliatory, harassment, or intimidation" against Petitioner

and his jailhouse lawyer; (ii) reinstate the jailhouse lawyer's work assignment with back pay; (iii) expand library access time; (iv) and retain a third party to investigate Petitioner's claims.

(Doc. 48 at 1-2.)  As the R&R correctly points out, Petitioner's requested injunctive relief is not limited to the parties in the action and does not involve viable legal claims upon which the action is proceeding.  (Doc. 48 at 2-3.)  This action is a habeas corpus proceeding, which allows a challenge to the legality or duration of confinement, not a challenge to the conditions of confinement.  *See Beardslee v. Woodford*, 395 F.3d 1064, 1069 (9th Cir. 2005).

Petitioner, in his objection, contends that his action does not address conditions of confinement, but rather is a case of the State chilling his exercise of free speech by attacking his only assistance, his jailhouse lawyer.  (Doc. 49 at 4.)  In other words, despite his contention otherwise, it is a claim addressing the conditions of his confinement, a challenge properly raised in a civil rights action under 42 U.S.C. § 1983.  Petitioner's request for injunctive relief is not properly raised in this closed habeas case.

Petitioner's Objection also argues the State's response to the motion for injunctive relief waived any objection to his motion by not addressing any allegations in that motion.  (Doc. 49 at 2.)  But because the Court's jurisdiction is limited only to the parties to this action and to the claims available under this action, the State had no obligation to respond to the specific allegations in the motion.  Indeed, the State noted this jurisdictional defect its response to the motion for injunctive relief.  There was no waiver by the State, as alleged by Petitioner.

As with the Motion for Injunctive Relief, the Motion for Jury Trial (Doc. 51) and the Motion for Leave to File Amicus Curie (Doc. 53) fall outside the scope of a habeas case because they relate to the conditions of confinement.

**IT IS ORDERED** that Petitioner's Objections to the R&R (Doc. 49) are **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc.48) is **ACCEPTED**.

1    **IT IS ORDERED** that Petitioner's Motion for Injunctive Relief (Doc. 44) is

2    **DENIED**.

3    **IT IS ORDERED** that Petitioner's Motion for Jury Trial (Doc. 51) is **DENIED**.

4    **IT IS ORDERED** that the Motion for Leave to File Brief of Amicus Curiae (Doc.

5    53) is **DENIED**.

6    The case shall remain closed.

7    Dated this 15th day of December, 2021.

Douglas L. Rayes
United States District Judge